UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAMES JOHNSON, | No. 2:12-cv-2565-TLN-EFB P |
| Petitioner, | |
| v. | ORDER |
| RALPH M. DIAZ, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 11, 2014, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  After an extension of time, petitioner has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

/////

1

In his opposition to the motion to dismiss, petitioner asked the court to allow his untimely petition to proceed under the actual innocence exception discussed in *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1933 (2013) and *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc).  The magistrate judge concluded that petitioner had failed to meet the high burden required for that exception to be applied – that it is more likely than not that no reasonable juror would have convicted him.  ECF No. 24 at 5-7.  In so concluding, the magistrate judge found that petitioner had made only vague assertions about his intoxication and other mental state at the time of the crime, had made no showing that an intent element of the crimes with which he was charged would have been rebutted by evidence concerning his mental health or intoxication, and had presented no evidence substantiating his claims about his mental state and intoxication.  The magistrate judge noted that, although petitioner claimed that a report by a Dr. Odland prior to trial "indicat[ed] that Petitioner was possibly insane," petitioner had not provided the court with that report, any other psychiatric reports, or any toxicology reports.  *Id.* at 5-6.

Petitioner now objects that the state superior court never provided him with a copy of the Odland report and thus he could not have provided it to the court.  Even assuming the truth of this claim, petitioner's request for application of the actual innocence statement still falls short of the showing needed under *McQuiggin* for the other reasons stated by the magistrate judge.  Petitioner must do more than assert generally that he was intoxicated and suffering some mental health issues or mental defect at the time of the crime and/or at the time of trial.  He must show that it is more likely than not that no reasonable jury would have convicted him.  Petitioner has presented no facts about the crime, how he was intoxicated or otherwise mentally compromised, and how those facts would have impacted the jurors' consideration of the case, let alone how that information would demonstrate that no reasonable jury could have found him guilty.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 11, 2014, are adopted in full; and

/////

/////

/////

2

2. Respondent's March 26, 2013 motion (ECF No. 11) is denied as to petitioner's claim that the state is currently refusing to refer him to the Board of Parole Hearings for a parole suitability determination, and otherwise granted.

Dated: March 31, 2014

Troy L. Nunley
United States District Judge

3