UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAMES JOHNSON,<br><br>          Petitioner,<br><br>   v.<br><br>RALPH M. DIAZ,<br><br>          Respondent. | No. 2:12-cv-2565-TLN-EFB P<br><br>ORDER DENYING WITHOUT PREJUDICE MOTION FOR SUMMARY JUDGMENT |

Petitioner, a state prisoner proceeding without counsel on a petition for a writ of habeas corpus, has a motion for summary judgment. ECF No. 21. Rather than address the merits of the sentencing issues raised in the petition,[1] he argues in his motion that prison staff have lost or destroyed numerous records of his personal achievements while in prison that should have been placed in his central file. He further contends that the state parole board will be unlikely to release him if they cannot review these now-unreviewable records and asks the court to order his release.

/////

---

[1] The petition asserts challenges to the sentence that resulted from guilty pleas to kidnapping for robbery, attempted robbery and false imprisonment. It includes claims of ineffective assistance of counsel, breach of a plea agreement, an alleged due process violation and a claim regarding a failure to hold a competency hearing. ECF No. 1. It also asserts that a file was lost by prison staff.

1

While federal habeas proceedings are characterized as civil in nature, *see Mayle v. Felix*, 545 U.S. 644, 655 n.4 (2005), and the Federal Rules of Civil Procedure apply to habeas cases to the extent they are consistent with such proceedings, *see* Rule 12, Rules Governing § 2254 Cases, filing a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 in a federal habeas action is generally considered unnecessary. *See, e.g., Phillips v. Ryan*, No. CV 09-1491-PHX-DGC (ECV), 2010 WL 2890074, at *5 (D. Ariz. 2010); *Abplanalp v. Adler*, No. 1:10-cv-00588 AWI MJS HC, 2011 WL 1792148, at *2 (E.D. Cal. 2011). Here, there is no need to address the issues raised in the petition in piecemeal fashion. Therefore, rather than addressing the arguments regarding the lost records in the context of a motion for summary judgment, this issue will be reviewed and analyzed in the context of the merits of the habeas petition.[2] Accordingly, the summary judgment motion is denied without prejudice.

For the reasons stated above, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 21, is denied without prejudice; and

2. Respondent shall include in its response to the petition a section addressing petitioner's claims about the lost records.

Dated: May 21, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The response to the habeas petition is currently due "60 days from [the entry of the April 2, 2014] order. ECF No. 32. Respondent may address petitioner's "lost records" and personal achievements argument in their response to the petition.

2